207 F.3d 1102 (8th Cir. 2000)
 Petition of John Doe
 No. 99-037
 
 JUDICIAL COUNCIL OF THE EIGHTH CIRCUIT
 Decided: Jan. 3, 2000,
 ORDER
 RICHARD S. ARNOLD, Circuit Judge.
 
 
 1
 This is a complaint against twelve named Circuit Judges of the Eighth Circuit, the Judicial Council of the Eighth Circuit, and the Hon. Clarence Thomas, Circuit Justice for the Eighth Circuit. Chief Judge Wollman, to whom such complaints are normally directed, has asked me to consider and rule on this complaint. The complaint specifically excepts five Circuit Judges of the Eighth Circuit, of whom I am one, from its charges.
 
 
 2
 Paragraph (12) of the complaint, appearing at page 6, is representative of its allegations.
 
 
 3
 The 8th Circuit has placed the petitioner on a "Hit List, wherein the petitioner cannot: (a) have benefit of any precedent of the 8th Circuit, the US Supreme Court, other federal courts; (b) has openly encouraged the state to terrorize the petitioner and his family and friends in retaliation for filing complaints against federal judges; (c) has openly by its acts and omissions informed the state attorney general and its agents that it is allowed to falsify evidence, steal petitioner's legal papers, files, and evidence, and to destroy any fair and full chance that the petitioner may have in getting habeas corpus relief; (d) has openly allowed the state to conjure up procedural bars to bar legitimate claims and relief in civil and habeas actions; (e) has openly allowed the lower federal courts and US Attorneys to refused to allow petitioner file complaints against judicial misconduct before local federal grand juries.
 
 
 4
 In my opinion, these allegations are "frivolous" within the meaning of the relevant statute, 28 U.S.C. 372(c)(3)(A)(iii). The charges are fanciful and incredible on their face. Each of the cases to which complainant has been a party in this Court, and each of the complaints of judicial misconduct he has filed, have been, in my opinion, fairly and properly decided. Certainly they have been decided without any taint of bias or criminality on the part of the Judges. To the extent that the complainant is contending that his cases were decided incorrectly, the 372(c) process is not the appropriate vehicle for him to use.
 
 
 5
 I note that he has, according to his complaint, filed a request with the House of Representatives that the complained-of Judges be impeached. That request is within the sole and exclusive jurisdiction of the House. Complainant has also filed an application for an extraordinary writ with the Supreme Court of the United States. What to do with that application is of course the sole and exclusive business of that Court.
 
 
 6
 As noted above, one of the Judges against whom complainant makes charges is the Hon. Clarence Thomas, Associate Justice of the Supreme Court of the United States and Circuit Justice for this Circuit. As to Justice Thomas, the complaint will be dismissed for lack of jurisdiction. The 372(c) process does not apply to Justices of the Supreme Court.
 
 
 7
 One of complainant's grievances is that the United States Court of Appeals for the Eighth Circuit "refuses to report any order issued in any case wherein [complainant] is a party to the action alone . . . ." Decisions whether to publish opinions and orders are made by the Judges in the ordinary course of their judicial business, and the judicial-misconduct process is not a proper vehicle for this sort of complaint. Complainant is free to file motions requesting that opinions or orders in cases to which he is a party be published. These motions, if filed, would be ruled upon by the appropriate panels of three judges in the ordinary course.
 
 
 8
 As to Justice Thomas, the complaint is dismissed for want of jurisdiction. In all other respects, the complaint is dismissed as frivolous.
 
 
 9
 The Clerk is directed to arrange for the publication of this order in the Federal Reporter, Third Series, and in such other publications as are normally used by the Court.
 
 
 10
 It is so ordered.